IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **CRIMINAL NO.  EP-10-CR-0374-PRM** |
| ) | |
| **OSWALDO KUCHLE-LOPEZ,** ) | |
| ) | |
| **Defendant.** ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE UNITED STATES OF AMERICA, by and through the United States Attorney and the undersigned Assistant United States Attorney for the Western District of Texas, and files this response to the Motion to Revoke Order of Detention filed by the above-named Defendant.  The Government requests that the motion in all respects be denied and would respectfully show this Honorable Court the following:

### I.  PROCEDURAL HISTORY

On February 10, 2010, a grand jury returned a six count indictment against defendant Oswaldo Kuchle-Lopez charging him with Wire Fraud, Bank Fraud, Conspiracy and False Statements to Obtain Credit.  The defendant was subsequently arrested pursuant to a bench warrant on February 17, 2010.

The Government filed a motion to detain the defendant based upon his status as a foreign national and the flight risk he presents.  After two continuances, the detention hearing was held

before the Honorable Judge Garney on March 9, 2010. Upon the conclusion of the proceedings that day, the defendant was allowed a few days to gather and present additional documents and on March 11, 2010, Judge Garney granted the government's motion to detain.

## II. ARGUMENT AND AUTHORITIES

The government's argument in favor of detention is simple–the defendant presents an extreme flight risk. No condition or combination of conditions exist which will reasonably assure the appearance of the defendant at future court hearings. The evidence of this flight risk is as follows:

1. The defendant is a citizen of Mexico;

2. The defendant owns a house in Juarez, Mexico;

3. The defendant has extensive family ties to Mexico including two sisters who live in Mexico City (1 TR 71);

4. When arrested, the defendant gave his residence as being in Juarez, Mexico (1 TR 18);

5. His time of residing in El Paso (to whatever extent that claim is consistent with his claim of residing in Juarez when arrested) is about one month, a fact that Magistrate Judge Garney gave great weight to in detaining the defendant.

6. The defendant crosses frequently between Juarez and El Paso (1 TR 19); and

7. The defendant has significant assets and therefore has the funds to finance flight.

In detaining the defendant, Magistrate Judge Garney relied on two United States District Court opinions, *United States v. Epstein,* 155 F. Supp.2d 323 (U. S Dist. Ct., E.D. Penn., 2001), and *United States v. Ishraiteh*, 59 F.Supp.2d 160 (U.S. Dist. Ct., D. Mass., 1999). In *Epstein*, the

government appealed a magistrate judge's denial of the government's motion to detain. The government then moved to revoke the magistrate's bond order. The district court granted the government's motion finding that the defendant, though having some ties to the Untied States, had more substantial ties to a foreign country (Brazil) and had significant assets located in that foreign country. *Epstein* at 326.

In *Ishraiteh*, the Magistrate judge detained the defendant and Ishraiteh filed a motion to amend the detention order. The motion was denied because the Ishraiteh's ties to Massachusetts were not significant though he had lived there for 17 years before moving to California, was a United States citizen and had paid the victim in that case full restitution. Ishraiteh had no real family ties to Massachusetts and had family living abroad thus making him a flight risk. *Ishraiteh* at 162.

A review of the pre-trial services report will show that Kuchle has significant assets in both the United States and Mexico. He has more than enough to fund any flight to Mexico and pay back those who would put up their own money as part of a bond as has been offered by the defendant.

The defendant argues that he is not a flight risk because he is fearful of returning to Juarez due to the violence occurring there. His crossing history indicates otherwise with 14 crossings from Mexico into the United States during the months of January and February, 2010. In fact the defendant was arrested while entering from Mexico. In explaining these crossings, the defendant claims in his motion that "all of these appearances into the republic of Mexico were to Mexico City..." (Defendant's motion pg. 13). This seems unlikely as the crossing history shows crossings on January 5th, 6th, 7th and 8th.

Even if his fear of Juarez is well founded, the defendant has two sisters residing in Mexico City and, according to his motion, travels there frequently. Moreover, he owns a house in Juarez

and claimed it as his residence when arrested on February 18, 2010.

In order to prevail on a motion to detain, the government is required to establish by a preponderance of the evidence that that the defendant's appearance at trail cannot be reasonably assured by any combination of conditions of bail. *United States v. Trosper*, 809 F.2d 1107, 1109 (5th Cir. 1987). The government's position is that the evidence goes far beyond a preponderance of the evidence that the defendant presents a significant flight risk.

### III. CONCLUSION

Based on the foregoing, the Government respectfully submits to this Honorable Court that the Defendants' Motion to Revoke Order of Detention should be denied.

          Respectfully submitted,

          JOHN E. MURPHY
          UNITED STATES ATTORNEY

BY:          /s/
          STEVEN R. SPITZER
          Assistant United States Attorney
          Texas Bar #00797480
          700 E. San Antonio, Suite 200
          El Paso, Texas 79901
          (915) 534-6884

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph "Sib" Abraham
Attorney for the Defendant
717 E. San Antonio Ave., 3rd Floor
El Paso, Texas 79901

          /s/
          STEVE R. SPITZER
          Assistant U.S. Attorney